# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ROBL, | : | Civil No. 3:20-CV-343 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA STATE POLICE, et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case

This case, which comes before us for consideration of a motion to dismiss filed by the defendant Federal Bureau of Investigation, (Doc. 12), arising out of the investigation into the September 12, 2014, sniper attack upon the Pennsylvania State Police Blooming Grove barracks which resulted in the death of one Pennsylvania State Trooper and serious injuries to a second trooper. In the wake of this murderous assault, Eric Frein was identified as a suspect in this slaying and numerous law enforcement agencies, including the FBI, offered rewards for information leading to Frein's apprehension. In the case of the FBI, that reward was up to $100,000.

In his *pro se* complaint, Edward M. Robl alleges that he is entitled to the reward money offered by the FBI because on or about September 18, 2014he provided information to the Pennsylvania State Police that he believes led directly

1

to the arrest of Eric Frein some six weeks later, on October 30, 2014. (Doc. 1). While Robl's *pro se* complaint is not entirely pellucid on this point, it appears that he is bringing a contractual claim against the FBI for recovery of this reward, treating the offer of a reward as a unilateral contract on the part of the FBI, a contract he believes he fulfilled by providing information which led to Frein's arrest and conviction. (Id.)

Construing the complaint in this fashion, the FBI has moved to dismiss, or transfer, this claim citing what it believes to be an insurmountable jurisdictional hurdle to pursuing this $100,000 contract claim in federal district court; namely, the fact that the United States Court of Federal Claims has exclusive jurisdiction over contractual claims brought against the United States that exceed $10,000. (Doc. 12). This motion is fully briefed, (Docs. 13 and 17), and is, therefore, ripe for resolution.

Recognizing that we are a court of limited jurisdiction, we are constrained to agree with the defendant that exclusive jurisdiction over Robl's complaint against the FBI lies in the Claims Court. Therefore, we are compelled to grant this motion to dismiss.

## II. Discussion

### A. Rule 12(b)(1)—Standard of Review

The FBI has moved to dismiss this contract claim pursuit to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to a lack of subject matter jurisdiction. Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction."

A motion to dismiss under Rule 12(b)(1) thus challenges the power of the court to hear a case or consider a claim. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). When faced with a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F. 2d 1406, 1409 (3d Cir. 1991) ("when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Morten v. First Fed. Sav. And Loan Ass'n, 549 F. 2d 884, 891 (3d Cir. 1997). First, a facial attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F. 3d 181, 187-88 (3d Cir. 2006). Such a facial challenge "attacks the complaint on its face without contesting its alleged facts, [and] is like a 12(b)(6) motion in requiring the court 'to consider the allegations of the complaint as true." Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd., 836 F. 3d 261, 268 (3d Cir. 2006). Thus, in ruling on such a motion, the court assumes the truth of the allegations in the complaint but must analyze the pleadings to determine whether they state an action that comes within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F. 3d 506, 514 (3d Cir. 2016). A facial 12(b)(1) motion should

3

be granted only if it appears certain that the assertion of subject-matter jurisdiction is improper. Kehr Packages, 926 F. 2d 1406, 1408-09 (3d Cir. 1991); Empire Kosher Poultry, Inc. v. United Food & Commericial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 3d 573, 577 (M.D. Pa. 2003).

In contrast, a "factual" attack on subject-matter jurisdiction asserts that, although the pleadings facially satisfy jurisdictional requirements, one or more allegations in the complaint is untrue, which therefore causes the action to fall outside the court's jurisdiction. Carpet Group, Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F. 3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). In ruling on factual challenges, a court must consider the merits of the disputed allegations, since "the trial court's . . . very power to hear the case" is in dispute. Mortensen, 549 F.2d at 891.

In this case, The FBI asserts that it is bringing a facial challenge to the complaint. Therefore, we will assess this motions based upon Robl's well-pleaded allegations

### B.     We Lack Jurisdiction Over Robl's Claim Against the FBI

Fairly construed, Mr. Robl's complaint appears to allege a $100,000 claim against the FBI for recovery of a reward offered by that agency in the Eric Frein case. While the precise legal theory of recovery is somewhat vague in Robl's *pro se* pleading, we agree that as a general rule, the offer of a reward for performing a

specified act, like providing information leading to the arrest and conviction of a catching a criminal, is deemed an offer of a unilateral contract. Simmons v. United States, 308 F.2d 160, 164 (4th Cir. 1962); Meidinger v. United States, 146 Fed. Cl. 491, 495 (2020); Frankel v. United States, 118 Fed. Cl. 332, 335 (2014). Therefore, we deem Mr. Robl's claim in this case against the FBI to sound in contract, and construe the value of this contract claim at the full amount of the reward, $100,000.

Construed in this fashion we are compelled to agree that Robl's complaint against the FBI faces an insurmountable jurisdictional obstacle in this court. Specifically:

> The Tucker Act, as codified at 28 U.S.C. §§ 1346, 1491 (1982), gives the Claims Court jurisdiction over non-tort claims against the United States, and gives the district courts concurrent jurisdiction over such claims not exceeding $10,000. It is uniformly held that, for claims exceeding $10,000, the Tucker Act vests *exclusive* jurisdiction in the Claims Court, see, e.g., New Mexico v. Regan, 745 F.2d 1318, 1322 (10th Cir. 1984); Zumerling v. Marsh, 591 F.Supp. 537, 542 (W.D.Pa.1984), even if such claims could be brought within the terms of some other jurisdictional grant, such as 28 U.S.C. § 1331 (1982). See Graham v. Henegar, 640 F.2d 732, 734 (5th Cir.1981). This is because it is only under the terms of the Tucker Act that the United States waives its sovereign immunity to such claims, and this consent to suit is a jurisdictional prerequisite. United States v. Mitchell, 463 U.S. 206, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3654, at 156–57 (1976).

Hahn v. United States, 757 F.2d 581, 585–86 (3d Cir. 1985) (emphasis in original). Simply put,

> By the Tucker Act, the United States waives its immunity from non-tort money claims against the sovereign, United States v. Mitchell, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), but by the terms of that waiver, vests exclusive jurisdiction for claims exceeding $10,000 in the United States Claims Court.

Fairview Twp., York Cty., Com. of Pa. v. U.S. E.P.A., 773 F.2d 517, 528 (3d Cir. 1985). See also Quandel Grp., Inc. v. Beacon Hill Mortg. Corp., No. 3:01CV131, 2008 WL 794891, at *7 (M.D. Pa. Mar. 24, 2008).

Here, Mr. Robl's complaint against the FBI, on its face, appears to bring a $100,000 contract claim against that agency. Such a claim falls outside the jurisdiction of this court, and by statute, resides exclusively within the jurisdiction of the Federal Claims Court. Since we lack jurisdiction to hear this particular claim against the FBI, this claim must be dismissed.

This ruling, however, does not mean that Mr. Robl is without legal recourse in this matter. His contract claims relating to the state defendants still survive. Moreover, Mr. Robl can still pursue this contractual claim against the FBI in the Federal Claims Court.[1] Because we are powerless to entertain his claim in this court,

---

[1] In its pleadings the FBI noted that we could transfer this aspect of the complaint to the Federal Claims Court. We have declined to follow this course at this time because we understand that Mr. Robl may object to a transfer of this claim. (Doc. 17). However, we will dismiss the claim as to the FBI without prejudice to the plaintiff requesting that this claim be transferred to the court with jurisdiction over this matter.

however, that claim will be dismissed without prejudice to transfer or renewal in the Federal Claims Court.

    An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD ROBL,** | : | Civil No. 3:20-CV-343 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **PENNSYLVANIA STATE POLICE,** et al., | : | |
| **Defendants.** | : | |

## **ORDER**

In accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the motion to dismiss filed by the Federal Bureau of Investigation, (Doc. 12) is GRANTED and the Federal Bureau of Investigation is DISMISSED from this lawsuit without prejudice to transfer or renewal of this claim in the Federal Claims Court.

So ordered this 20th day of May 2021.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
