**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD ROBL,** | : | **Civil No. 3:20-CV-343** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Statement of Facts and of the Case

This case, which comes before us for consideration of a motion for summary judgment filed by the defendant Pennsylvania Crime Stoppers, (Doc. 12), arises out of the investigation into the September 12, 2014, sniper attack upon the Pennsylvania State Police Blooming Grove barracks which resulted in the death of one Pennsylvania State Trooper and serious injuries to a second trooper. In the wake of this murderous assault, Eric Frein was identified as a suspect in this slaying and numerous law enforcement agencies, including the FBI, offered rewards for information leading to Frein's apprehension. In the case of the FBI, that reward was up to $100,000.

In his *pro se* complaint, Edward M. Robl alleges that he is entitled to the reward money offered by the Pennsylvania Crime Stoppers because, on or about

1

September 18, 2014, he provided information to the Pennsylvania State Police that he believes led directly to the arrest of Eric Frein some six weeks later, on October 30, 2014. (Doc. 1). While Robl's *pro se* complaint is not entirely pellucid on this point, it appears that he is bringing a contractual claim against Pennsylvania Crime Stoppers for recovery of this reward, treating the offer of a reward as a unilateral contract he believes he fulfilled by providing information which led to Frein's arrest and conviction. (Id.)

Robl's complaint initially also included a federal agency as a named defendants, the FBI. However, the FBI has moved to dismiss, or transfer, this claim citing what it believed to be an insurmountable jurisdictional hurdle to pursuing this $100,000 contract claim in federal district court; namely, the fact that the United States Court of Federal Claims has exclusive jurisdiction over contractual claims brought against the United States that exceed $10,000. (Doc. 12). On May 18, 2021 we granted this motion. (Doc. 18). Thus, presently all that remains in this lawsuit are state law contract claims by a Pennsylvania resident against a Pennsylvania organizational entity.

Recognizing this fact, on February 11. 2022, Pennsylvania Crime Stoppers moved for summary judgment on this state law contract claim, arguing that the claim is both time-barred under Pennsylvania's statute of limitations for contract actions

2

and noting that this court is a court of limited jurisdiction which does not retain jurisdiction over state law disputes between citizens of the same state. (Doc. 56).

When Mr. Robl failed to timely respond to this motion, we entered an order which placed him on duty of his duty to respond, and directed him to respond by March 9, 2022. (Doc. 61). Mr. Robl requested an extension of this response deadline, (Doc. 62), which we granted on February 25, 2022, instructing the plaintiff to respond to this motion on or before April 8, 2022. (Doc. 63).

This deadline has now passed without any action by Mr. Robl to respond to the Pennsylvania Crime Stoppers' summary judgment motion. Accordingly, the motion will be deemed ripe for resolution and will be granted.

## II.   <u>Discussion</u>

### A.   <u>Summary Judgement Standard of Review</u>

Pennsylvania Crime Stoppers has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." <u>Univac Dental Co. v. Dentsply Int'l, Inc.</u>, 702 F.Supp.2d 465, 468 (M.D. Pa. 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id., at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006), accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical

doubt as to the material facts. Id., at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007) (citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark New Jersey v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982); see Sunshine Books, Ltd. v. Temple University, 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon

bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) (citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

Finally, it is emphatically not the province of the court to weigh evidence or assess credibility when passing upon a motion for summary judgment. Rather, in adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. Id. Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Anderson, 477 U.S. at 252; see also Big Apple BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the fact finder to ascertain the believability and weight of the evidence.

Id. In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted); NAACP v. North Hudson Reg'l Fire & Rescue, 665 F.3d 464, 476 (3d Cir. 2011).

### B. We Lack Jurisdiction Over Robl's Claim Against Pennsylvania Crime Stoppers

Fairly construed, Mr. Robl's complaint appears to allege a claim against the Pennsylvania Crime Stoppers for recovery of a reward offered by that agency in the Eric Frein case. While the precise legal theory of recovery is somewhat vague in Robl's *pro se* pleading, we agree that, as a general rule, the offer of a reward for performing a specified act, like providing information leading to the arrest and conviction of a catching a criminal, is deemed an offer of a unilateral contract. Simmons v. United States,  308 F.2d 160, 164 (4th Cir. 1962); Meidinger v. United States, 146 Fed. Cl. 491, 495 (2020); Frankel v. United States, 118 Fed. Cl. 332, 335 (2014). Therefore, we deem Mr. Robl's claim in this case against the Pennsylvania Crime Stoppers to sound in contract. Thus, with respect to Pennsylvania Crime Stoppers, presently all that remains in this lawsuit are state law contract claims by a Pennsylvania resident against a Pennsylvania organizational entity.

Construed in this fashion, we are compelled to agree that Robl's complaint against Pennsylvania Crime Stoppers faces an insurmountable jurisdictional obstacle in this court.

It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–**(1)** citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Since all that remains in this lawsuit is a state law contract claim, it is evident that the complaint does not allege any "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, giving rise to federal question jurisdiction. Instead, Mr. Robl simply brings state law breach of contract claims in federal court. However, the plaintiff may not assert federal jurisdiction over these state claims, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between– **(1)** *citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added). In the instant case, this court's diversity jurisdiction simply does not provide a basis for exercising jurisdiction over this particular controversy since the complaint recites that the plaintiff and the defendants are all citizens and residents of Pennsylvania. Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

In light of this basic jurisdictional flaw in this complaint, we conclude that the state law contract claims set forth in this pleading simply do not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to show that the plaintiff has a 'plausible claim for relief,'" Fowler, 578 F.3d at 210-11, in federal court under this court's diversity jurisdiction. Indeed, at present, the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), since the complaint actually seems to demonstrate on its face that federal jurisdiction does not lie here.

In fact, this court has previously held that Pennsylvania resident plaintiffs may not maintain state law claims against Pennsylvania resident defendants in federal court. In dismissing and refusing to reinstate a similar lawsuit, this court noted in terms that are equally applicable here that: "Plaintiff's Complaint indicates that both

he and Defendant . . . are located and domiciled in Pennsylvania. Thus, there is not diversity jurisdiction over this action because 'complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state.'") Boldrini v. Bruno, No. CIV.A. 3:11-1401, 2013 WL 619610, *2 (M.D. Pa. Feb. 19, 2013) (quoting Brett v. Brett, No. 12–3301, 2012 WL 5450879, *1 (3d Cir. Nov. 8, 2012); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010)). Consequently, we have consistently concluded that where a *pro se* complaint brings state law claims and reveals on its face that there is no diversity of citizenship, screening dismissal of that pleading in favor of state court litigation is entirely appropriate. See, e.g., Kline v. Kline, et al., No. 4:18-CV-2095, 2018 WL 6005458, *6 (M.D. Pa. Oct. 31, 2018), report and recommendation adopted sub nom. Kline v. Kline, et al., No. 4:18-CV-02095, 2018 WL 5994406 (M.D. Pa. Nov. 15, 2018); Baker v. Leitzel, No. 1:18-CV-1366, 2018 WL 3640419, *3 (M.D. Pa. Jul. 11, 2018), report and recommendation adopted, No. 1:18-CV-1366, 2018 WL 3631289 (M.D. Pa. Jul. 31, 2018); Mendez v. Strohlein, No. 3:17-CV-1141, 2017 WL 3084104, *3 (M.D. Pa. Jun. 29, 2017), report and recommendation adopted, No. 3:17-CV-1141, 2017 WL 3084094 (M.D. Pa. Jul. 19, 2017).

Further, having dismissed the sole federal agency defendant named in this lawsuit in  May of 2021, we will decline to exercise supplemental jurisdiction over these lingering state law contract claims. It is well-settled that where

the jurisdiction of the federal court was premised on alleged federal claims which are found to be subject to dismissal, the proper course generally is for "the court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims." 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726, (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims); Bronson v. White, No. 05-2150, 2007 WL 3033865, *13 (M.D. Pa. Oct. 15, 2007) (Caputo, J.) (adopting report and recommendation dismissing ancillary malpractice claim against dentist); See Ham v. Greer, 269 F. App'x 149, 151 (3d Cir. 2008) ("Because the District Court appropriately dismissed [the inmate's] Bivens claims, no independent basis for federal jurisdiction remains. In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims."); 28 U.S.C. § 1367(c)(3); See also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Tully v. Mott Supermkts., Inc., 540 F.2d 187, 196 (3d Cir. 1976). Here, we will decline to exercise supplemental jurisdiction over the plaintiff's claims, given that his federal agency claims previously failed as a matter of law.

This conclusion that non-diverse parties may not maintain a state law claim in federal court applies here and compels dismissal of the remaining state law contract claim in this complaint. Yet, while these allegations do not state grounds for a lawsuit in federal court, this does not mean that Robl has no legal remedies available to him. The plaintiff may return to state court and pursue these claims in the state court system. Those courts certainly stand ready to hear his state law claims. However, because we are powerless to entertain his claim in this court, that claim will be dismissed without prejudice to renewal in state court.[1]

An appropriate order follows.

---

[1] Because we have concluded that we lack presently jurisdiction in this case, we do not reach the plaintiff's statute of limitations argument. If Mr. Robl renews this claim in state court, those courts can address this issue.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD ROBL,** | : | **Civil No. 3:20-CV-343** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

In accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the motion for summary judgment filed by Pennsylvania Crime Stoppers, (Doc. 56) is GRANTED and Pennsylvania Crime Stoppers is DISMISSED from this lawsuit without prejudice to pursuit of these claims in the state court system.

So ordered this 12th day of April 2022.

<u>*S/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge
